# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRON MCVAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RODRIGUEZ, *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-01059-BAM (PC)<br><br>ORDER STRIKING UNSIGNED FIRST AMENDED COMPLAINT AND REQUIRING PLAINTIFF TO FILE A SIGNED FIRST AMENDED COMPLAINT<br><br>(ECF No. 12)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Darron McVay ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On March 4, 2025, the Court screened the complaint and granted Plaintiff leave to file a first amended complaint curing the identified deficiencies, or to file a notice of voluntary dismissal. (ECF No. 9.) On April 7, 2025, the Court granted Plaintiff's motion for a thirty-day extension of time to file a first amended complaint. (ECF Nos. 10, 11.) The Court's order granting the extension of time was returned as "Undeliverable, Inactive" on April 21, 2025.

Currently before the Court is Plaintiff's first amended complaint and updated address, filed May 9, 2025. (ECF No. 12.) In preparing to screen the first amended complaint, pursuant to 28 U.S.C. § 1915A(a), the Court noted that the document is not signed. (ECF No. 12, p. 6.)

Both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions and papers be signed by at least one attorney of record or by the party

1  personally if the party is unrepresented.  Fed. R. Civ. P. 11(a); Local Rule 131(b).  As Plaintiff's
2  first amended complaint is unsigned, the Court must strike it from the record.  Plaintiff will be
3  permitted an opportunity to file a signed complaint that complies with the Federal Rules of Civil
4  Procedure and the Local Rules.

5      Plaintiff is further reminded that, now that he has been released from custody, the prison
6  mailbox rule no longer applies to his filings.  Under the mailbox rule, a prisoner's pleadings are
7  deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to
8  the court clerk.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d
9  1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights
10 actions).  Now that Plaintiff has been released from custody, when papers are mailed to the
11 Clerk's Office, filing is complete when the papers are **received** by the Clerk of the Court.  *Cooper*
12 *v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) (emphasis added).

13     Based on the foregoing, it is HEREBY ORDERED that:

14 1. Plaintiff's first amended complaint, filed May 9, 2025, (ECF No. 12), is STRICKEN from
15     the record for lack of signature;
16 2. The Clerk of the Court is directed to send to Plaintiff a civil rights complaint form;
17 3. Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL file a
18     **signed** first amended complaint, or a notice of voluntary dismissal; and
19 4. **Plaintiff is warned that the failure to comply with this order will result in dismissal**
20     **of this action, with prejudice, for failure to obey a court order and for failure to state**
21     **a claim.**

IT IS SO ORDERED.

Dated:  **May 12, 2025**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE